NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**IN RE:  JASON SMITH,**
*Appellant*

———————————

2022-1310

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 14/786,244.

———————————

Decided:  September 9, 2022

———————————

JAMES A. MITCHELL, Mitchell Intellectual Property Law, Ada, MI, for appellant.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal.  Also represented by MAI-TRANG DUC DANG, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

———————————

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

PER CURIAM

The Patent and Trademark Office rejected claims 1–13 and 15–36 of Jason Smith's patent application as patent ineligible under 35 U.S.C. § 101.  The Patent Trial and

Appeal Board ("Board") affirmed.  Mr. Smith appeals.  We *affirm*.

## BACKGROUND

Mr. Smith's patent application number 14/786,244 relates to software for asset acquisition and management. U.S. Pat. App. Pub. 2016/0063403 at 1.  Claim 1, a representative claim, is reproduced below:

A method for facilitating asset acquisition, asset management and asset maintenance whereby customers can purchase from multiple vendors comprising:

providing to vendor and customer users access to consortium management software;

providing and maintaining in said consortium management software relational data base tables which are linked together, including a vendor/customer database table, whereby vendor users and customer users can enter their identifying and personal data, and a searchable product catalogue database table;

providing in said searchable product catalogue database for receipt from vendor users, product, product pricing and product maintenance data;

providing an inventory database table and a customer asset management database table;

providing customer users access to said searchable product catalogue database, whereby a customer searches the catalogue data base and purchases from any vendor user product selected from said product catalogue database;

providing for association of any said user's identifying data with information in any database table, which information is pertinent only to a particular

said identified user with said users identifying data;

[and] linking the purchasing customer's identifying information from the customer/vendor database table, and the product, product pricing and product maintenance data for the selected product or products, to one or both of said inventory database table and/or said customer asset management data base table, such that the customer can retrieve, use and manipulate the product, product pricing and product maintenance data in connection with the management of the assets purchased.

*Id.* at 5.

Mr. Smith filed the application at issue, which claims priority from an earlier provisional application, on October 22, 2015. The examiner issued a final office action rejecting the application on March 7, 2019. Mr. Smith appealed this rejection to the Board. The Board affirmed the examiner's rejection, finding that claim 1 recited "collection, display, and manipulation of data" and was thus directed to an abstract idea, and that it contained no inventive concept that would make it patent eligible. *Ex parte* Smith, No. 2020-004436, at 10, 17 (P.T.A.B. July 1, 2021). With respect to the dependent claims, the Board determined that Mr. Smith's arguments were simply restatements of the dependent claims' limitations and lacked "sufficient particularity" to "explain adequately how the limitations of the dependent claims integrate the abstract idea into a practical application or recite an inventive concept." *Id.* at 18. Mr. Smith appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal determination de novo and underlying factual findings for substantial evidence. *Google LLC v. IPA Techs. Inc.*, 34 F.4th 1081, 1085 (Fed.

Cir. 2022).  "Eligibility under 35 U.S.C. § 101 is a question of law, based on underlying facts."  *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

The Supreme Court has set out a two-step framework for courts analyzing patent eligibility.  *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).  "First, we determine whether the claims at issue are directed to . . . patent-ineligible concepts" such as "laws of nature, natural phenomena, and abstract ideas."  *Id.*  If so, we examine the elements of each claim, considered both individually and as an ordered combination, for an "inventive concept" sufficient to transform the nature of the claim into a patent-eligible application.  *Id* at 217-18.

The Board analyzed claim 1 under the two-step *Alice* inquiry and determined it was ineligible under § 101.  At step one, the Board determined that "[e]ach of the . . . steps [in the claim] relate to storing vendor/customer information, product information, and asset management information, associating the various items of information with other items of information, and enabling the retrieval of any information and any of its associated information."  *Ex parte* Smith, No. 2020-004436, at 8 (P.T.A.B. July 1, 2021).  It further found that "[s]uch data organization is akin to collecting data, analyzing the data (e.g., associating and/or linking certain data), and displaying results (e.g., the requested data and any linked or associated data)," which this court in earlier similar cases has found patent ineligible at step one of *Alice*.  *Id.*  The Board thus concluded that claim 1 is directed to abstract ideas.  *Id.* at 9.  At step two, the Board determined that "to the extent claim 1 includes additional elements, any such additional elements include only conventional computer components" and that these elements, "when considered individually and as an ordered combination, are well-understood, routine, conventional activity in the field and are not specified beyond a high level of generality."  *Id.* at 17.  The Board concluded that

there was no inventive concept that would render claim 1 patent eligible. *Id.*

We see no error in the Board's analysis. As for step one of *Alice*, claim 1 recites methods for collecting data (e.g., customers "enter their identifying and personal data" and vendors enter "product, product pricing and maintenance data"), analyzing data (e.g., "providing for association of any said user's identifying data with information in any database table" and "linking the purchasing customer's identifying information . . . and the data for the selected product or products"), and displaying the results (e.g., "providing customer users access to said searchable product catalogue database" to purchase products and allowing "the customer [to] retrieve, use and manipulate the product, product pricing and product maintenance data in connection with the management of the assets purchased").

Our court has held that claims that "are directed to collection of information, comprehending the meaning of that collected information, and indication of the results, all on a generic computer network operating in its normal, expected manner" are claims to abstract ideas. *In re Killian*, No. 21-2113, 2022 WL 3589496 at *4 (Fed. Cir. Aug. 23, 2022); *see also Elec. Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017); *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016).

Regarding *Alice* step two, nothing in the claim recites an inventive concept to transform the abstract idea into a patent-eligible application. The claim recites generic computer functions, which the specification describes are carried out by conventional computer components and can be implemented using existing technologies. *See* U.S. Pat. App. Pub. 2016/0063403 at 1 ("[T]he consortium management software is written in an entry related database such as ERD and converted to MySQL and PHP."). There is no

argument here that the claims are directed to an "improvement in the functioning of a computer" or other technology rather than merely invoking computers as a tool to perform data manipulation. *In re Killian*, 2022 WL 3589496 at *4; *see also Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016).

Mr. Smith argues without citation that "the first step in analyzing a claim to a new process or an improvement thereof must be to determine whether it is useful" and that "[i]f it is useful, it is by law patent eligible." Appellant's Br. 22 (quotations omitted). But utility is not the test for patent eligibility under the Supreme Court's cases, *e.g.*, *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 591 (2013) (holding isolation of "important and useful gene . . . not an act of invention"), and Mr. Smith's argument is inconsistent with the framework set out in *Alice*.

Mr. Smith also argues that the Board failed to consider the claims as a whole, but the Board explicitly did so and determined that "even the combination of various tables of data . . . solely relates to the storage, organization, and display (e.g., retrieval) of data, which has consistently been held . . . to constitute an abstract idea." *Ex parte* Smith, No. 2020-004436, at 3 (P.T.A.B. July 1, 2021) (internal quotations omitted). We have considered Mr. Smith's remaining arguments and find them unpersuasive.

CONCLUSION

The decision of the Board is affirmed.

**AFFIRMED**